Case number 17-1790. Candice Murray at L. Appellates v. Amalgamated Transit Union. Mr. Everless for the Appellates, Ms. Creighton for the Appellate. Good morning, Your Honors. May it please the Court. The District Court erred by holding that it lacked subject matter jurisdiction over Plaintiff Murray's claims. It based that holding on its conclusion that certain federal regulatory language made the 2013 election and challenges to it, and specifically my client's claims, subject to Title IV of the LMRDA, or I'll refer to it as the Act. In fact, the regulatory language does state that to the extent that a non-covered local union, such as we indisputably have in this case, in the case of Local 1300, to the extent that the local participates in the election of delegates who in turn participate in a convention where officers of a covered international elect officers, to that extent, the provisions of Title IV of the Act apply. So if the ballot had said that, would the District Court be correct then in your view? No, Your Honor, for the, because of the alternative argument we have that the District, as the District Director best put it, in the letter, in response to the letter that we wrote, that the Secretary would not, could not provide any relief with respect to the officer status of my clients or non-officer status after they were taken out of office. So specifically, District Director Wheeler said in response to a pointed letter that no, we could, if your clients were seeking to somehow overthrow the international election of officers, and if we determined that there was something wrong with the conferral of delegate status, then maybe we might get involved, but only then if we determined that it somehow had an effect on the overall officer election at the international level. Not the local. Not at the local level. It's pretty much agreed, though, that if the purpose in the election held by the local includes delegates to the international, or to a union that has private and public, that that comes outside the exception and winds up where there is not jurisdiction. Am I correct on that? I'm not sure I understood the question. It comes outside the, it's just a double exception. We're talking about the situation in which you have a union, a local, that is all government, no private. Therefore, it's not within the original section. It's not covered. But there is the exception thereto, wherein if the local is electing delegates to a mixed international, it comes back out of that exception into the original exception, I guess. True, with respect to the conferral of delegate status. Now, are you not writing that out of the statute in your second argument? No, Your Honor. They're alternative arguments. So, in other words, even if we were to… I'm talking about the alternative one. That's the one you came to when you were answering Judge Kavanaugh's question. Aren't you, if we accept that argument, aren't we writing it out of the statute? If we accept the argument about the… The one you just made. The one about the secretary's letter. If we, if you accept that, no, not necessarily because it's not a necessary argument for us to make. It seems like it's necessary because you'd be saying the secretary can't do anything about what happened at the local, and that would eliminate the exception that Judge sent that we all agree exists. No, no, I don't think so, because let's say, for instance, that we're right on that alternate argument. In other words, that the secretary really was right, and that there was nothing they could do with respect to the conferral of officer status within Local 1300. Still, if my clients had wanted to go to the secretary and complain that Mr. Hanley, the ATU president, was wrongly elected, okay, because the delegate, that language didn't appear, that delegate phrase didn't appear on those ballots. And so, District Director Wheeler, we want you, and it was a one vote difference, and so it did make a difference, so the delegate phrase wasn't there. The ATU itself did not seat these people as delegates. They enforced that specific language. So the answer, Your Honor, is no, it doesn't write it out. That language still very much has meaning. So you are going back to Judge Kavanaugh's original question, then. If the language had been on the ballot, would the result be different, proper result be different than you say it is with the language not being on the ballot? No. So, for instance, if the language had been on the ballot, I would still be here today saying that the language was on the ballot, and they were properly elected as delegates, okay? We're not challenging the international election, the election of Hanley. But, still, here, we couldn't have gone to the Secretary under Secretary or District Director Wheeler's letter. We couldn't have gone to the Secretary because the Secretary has told us through District Director Wheeler that the Secretary doesn't provide relief with respect to the conferral of officer status within the non-covered local. Can I talk about your first argument, then, a little bit? Sure, sure. Which is focused on the absence of the language on the ballot, as I understand it. Well, I think I put it second in the brief. Yeah, the first one you identified today. But, anyway, why does that matter in terms of the exception to the exception that we're talking about? Why does the absence of the language on the ballot matter? They say, well, if you have a problem with that, you can file a complaint about the absence of the language on the ballot. But it is still an election where the election of the local is simultaneously going to mean that they're delegates to the international, and, therefore, it comes within Title IV. That's still true for purposes of the election. It would still be true if someone were trying to challenge the election of Hanley, but we never intended to do that. I understand. So if the argument about District Director Wheeler, if he was right and the court accepted that, we wouldn't need – this is pure alternate argument – we would not need that argument. That's not to say that it wouldn't – that if we were to complain or someone wanted hypothetically to complain about the election of Hanley at the international level, that delegate phrase of the presence or absence would still matter there. But that just wouldn't be this case because it's not why we came to the district court in the first place, Your Honors. So your principal argument is which now? Well, you could – whether you – which one you call – which one I should have put first? Well, no, you tell me. Well, no, they're both – I think they're equally strong, Your Honor. They're equally strong reasons as to why this – the district court was wrong on the subject matter jurisdiction. So two independent arguments. Number one, District Director Wheeler expressly said that, no, we – the Secretary will not, could not, will not even try to provide you – get you relief with respect to you being taken out of office at the local 1300 level. We do not have jurisdiction under Title IV to do that. Now, independent of that argument, the other argument is that even if District Director Wheeler hadn't said that, even if we hadn't written to him, okay, there's a whole separate reason why my clients or Ms. Murray could not have gone to the Secretary for relief here because the delegate phrase was missing from the ballot. So it's an independent argument, Your Honor. So I'm hesitant to say one's primary or one's secondary because I think they're equally strong. Now – Does the letter from the District Director actually make any difference? I mean, wouldn't we have to decide at the same point as what you wrote here? You probably would, Your Honor, yes. I think we would, wouldn't we? I mean, you're not asserting that that's a Chevron-worthy interpretation of anything. No, I think if you go back to the Supreme Court's decision in Skidmore back in – I think it was 1944. I think it was in 323 U.S. They said that even if you don't have, you know, the rulemaking promulgation and all that that accompanies a federal regulation, still there can be deference owed. So this is a Skidmore argument, then, that you're making on that? With respect to District Directors, yeah, in terms of the deference, it can still be accorded deference if it's well-reasoned and thoroughly reasoned, which we would submit it as, Your Honors. Did you say it's Skidmore in your brief? No, I did not, Your Honor. I don't believe I did. Or Chevron or any other – No, I think we left it at – in preparing for this argument, I anticipated that somebody might ask me, what in the heck – why should we bother with District Director Wheeler's letter? Why should we, you know, listen to it? If you wanted to stay, you should have told us in the brief, shouldn't you? There's a lot of things, Your Honor, I could do better. Okay. So, but in any event, I think it does make sense. Now, with respect to the other argument in our brief, Your Honors, about the summary judgment issue, is our position that Judge Boasberg, the District Court, respectfully, erred in not granting summary judgment to both plaintiffs based on his decision that an issue of fact – I'm a little concerned about why the second plaintiff is still here. Which – What are we hearing with respect to – Well, the second – you mean Mr. Queen? Yes. Okay, the reason we're here is because there was a trial, and that's why Your Honor's asking the question, but if he were entitled to summary judgment, there were – If he weren't on the summary judgment, the summary judgment question has been mooted by the case being tried, hasn't it? No, no, because we're saying he should never have had to go to trial. He should never – Now, we don't usually decide questions that are abstract. We have to have something, and this compares, it seems to me, to the Supreme Court's decisions dealing with the premise-based case in the employment context, where you don't look to see if the trial court erred on the basis of determination if the case went on trial. I don't – It's been washed up. I'll tell you why. Why hasn't it been washed out here? I'll tell you why. The summary judgment proceedings is, should the case – is the case so decidable on the record that it doesn't go to trial? The judge says no, it goes to trial. If he'd ruled the other way, all you got is a trial. I mean, I don't see that this case is still liable. No, no, we're saying on liability we were entitled to summary judgment, and in the employment – Well, the trial ruled against you. I don't find in your brief an assertion of error in the trial. No, we're not – we're saying that the error occurred before the trial. You lost this case. It's a trial. With respect to Queen – Well, you could have or not, but you lost it. And I don't see how you can possibly go back and say summary judgment should have been decided the other way. It's been washed up. It's been a trial. But with respect, Your Honor, this happens – going to the Title VII context, for instance, could happen for plaintiff or defendant. Defendant moves for summary judgment. Denied. Go to trial. Defendant loses. Company loses. Appeals. Appeals after trial because you can't appeal an interlocutory ruling. Go back in a court. I could probably find cases where this court has said, well, summary judgment should have been granted to the defendant. No, no. As a general proposition, that is not correct. There are circuits, say, in some circumstances where it is clear that the facts are undisputed and it's simply a question of law left, we might review the claim on the summary judgment. Judge Sentell is right, however. I'm clear on this. I just finished the whole Federal Standards Review book and looked at this. As a general proposition, summary judgment, we don't look back at what might have happened on summary judgment except in rare circumstances where there's no doubt that the facts were undisputed and all we're looking at is a question of law. That's all. Well, and I'm saying – and I guess, Your Honor, what I'm saying is this is such a case. And why is it such a case? It's such a case because Judge Booth – To get that before us, don't you have to assert that as to the trial? And I don't find anything in your brief that says the judge committed error at the trial. No, I would submit that we don't need to say that, Your Honor. I thought what you were saying – sorry to interrupt – was, although this is not explicitly in the brief, as Judge Sentell points out, is that as a matter of law, you were entitled to judgment on this claim. Yes. That's exactly right. And therefore, at trial or post-trial motions, you should have prevailed as a matter of law. True. But I found it odd, as I guess Judge Sentell did, that you were still referring back to the summary judgment because I assume that's mooted out by the trial. No. We moved for summary judgment in the first place. I understand that. I understand the loss. We're telling you normally we don't look back. It really is very rare. Why don't you talk about Murray, the other piece? Sure. Well, I would say that Murray is entitled to summary judgment. Okay. Murray is entitled to summary judgment because by virtue of finding that there was an issue as to whether or not Hanley's, the International's, ruling was fair, by virtue of making that determination, the court was basically saying that there should have been a hearing as a matter of law. May I? You can keep going. We've got a few more questions here. Okay. Sure. I thought the statutory issue here, and I was confused on this, was it's not your fault. I think it's confusing context. And so is discipline, this ineligibility determination, discipline? Yes, it can be. Isn't that kind of a statutory question? That is one of the statutory questions that Judge Boasberg did resolve and which was not appealed. He said that rendering a man ineligible for office can count as discipline. Then, unfortunately for us, he went further and said here. But on the facts of this case, it's not discipline ultimately. It's not. He said that basically the jury will decide whether or not it's discipline. Right, and we know. Because, first of all, that is an issue of law, whether or not it was discipline, and that even for policy reasons and statutory reasons, by virtue of finding, and this law review article that we cited, the Beard Law Review article, was very helpful in this regard in terms of its discussing the early case law, the Figueroa case, and I think the Williams case, in terms of pointing out that if there's a factual issue about whether or not application of a rule was fair or not, that's discipline. That, as a matter of law, is discipline, and there needs to be a hearing. Even in the eligibility context? I guess I had a threshold question here of whether there are two different things, eligibility and discipline. So if you are applying for a security clearance to be eligible for a job, you may not get that. You may not get that job. You may not be deemed eligible for the job, but discipline would be a whole separate thing where you're investigated, prosecuted, what have you, for whatever. And the only reason they conflate here, Your Honor, is that they rendered him, they rendered her, I'm sorry, ineligible for office as a measure because in good standing. Well, I mean, I thought your argument was that the action taken, and there's a dispute over this, which would keep your claim running, the union acted with hostility in preventing them from repaying, and therefore the claim that it's simply ineligibility is bogus and you want to be able to challenge that. Yeah, that's true, and we should have been able to. The case law, we have case law in the circuit which talks about punitive being part of the standard that we look to to see whether or not the claim is that the action taken against the employee was punitive, and if so then a hearing is required. Sure, and I think this fits within that in the sense that, and Judge Boasberg said it, that a jury could find that it was wholly unjust and indeed in bad faith what Mr. Hanley did and what ATU did in rendering. But you can't win that as a matter of judgment. You'd have to go to trial on that. Well, if we need to go to trial, I'd say that, Your Honor, but if you give me one more chance. You're saying there's a dispute. You're saying the action taken against us is punitive, the other side saying no it's not, it's just an eligibility determination, and you may be right, that's enough for you not to lose at that moment. But, Your Honor, I would submit that the question here is whether or not there was discipline, and if you look at the Beard article for instance. We can't tell whether there's discipline unless we know whether or not the action taken had a punitive underbelly there, whether the foundation was punitive. The other side said no, it's just an eligibility determination, that's all. You're saying no, it wasn't, this was bogus, it was a cover. They were intending to go after us and they made up something, retroactive application of rules, and it was totally unfair. The only way you can decide unfairness is for someone to look at the facts and say, having considered them, we agree it was unfair. Right, Your Honor. And what I'm further saying is that Congress determined when it enacted the statute that the people who were supposed to decide whether or not it was fair and resolve that factual dispute were within the union. So you want to say if there is a factual dispute with respect to punitiveness. Right. The union should have had a hearing and done it there. That's what I'm saying. And maybe I should have said that a few minutes ago, Your Honor. Judge Boasberg analyzed this as if there's a factual dispute, it goes to trial. It goes to trial. And I would submit that that required juries where Congress never intended them. And Judge Boasberg, to his credit, I think, also acknowledged that some of the case law does acknowledge that we are, that our argument has basis at least. Namely, the Figueroa case and the Williams case and the Beard article, most saliently. We'll give you some time on rebuttal. Thank you very much. Thank you for listening, Your Honor. Good morning, Your Honor. Kathy Krieger for the Amalgamated Transit Union. And so as not to stumble, I'm going to say ATU. And I may refer to Ms. Murray and Mr. Kuhn as the candidates. In order to reverse the well-reasoned decisions below, this Court would have to announce three sweeping unprecedented rules of law for which there's no authority that the appellant has presented. The first rule, that when there's an ex officio delegate election, that the Department of Labor has only limited jurisdiction and can't investigate the whole election that gave rise to the position, and it's only by virtue of that office or position that then that person serves as the delegate to the international. That is completely unfounded. There's no legal authority for it. There was none cited by the premise there. What about the letter? Pardon? What about the letter? The letter was a hypothetical, and it was procured after the fact in a totally irregular manner. I guess we don't have any authority. There's not a timely complaint. Let me finish. There's no authority either way on that question, is there? There has never been an authority. And so far as the cases we've cited in our brief, the Otis and the other cases, Timster's case, that uphold the validity, the longstanding validity of the very concept of having an ex officio delegate, the position that they're announcing, that they're asking this Court to embrace de novo with no precedent, would eviscerate the very concept of an ex officio delegate election. Your second point. The second sweeping legislation. The second sweeping rule they're saying is that for any ex officio delegate election, if there's a defect that actually disables one of the winning elected officers, delegates, from serving, from functioning as a valid delegate at the convention, that that means that the election itself is taken outside of Title IV. And again, there's no authority supporting that. Or opposing it, though. Yes, there is. The Chao decision, for example, Chao v. Amalgamated Transit Union, is a classic example of the fact that every delegate election that elected an ex officio delegate to go to the convention was subject to the Department of Labor's jurisdiction. But there could not be, in this case, there could not be an election for a delegate because notice wasn't given. No, there could be, Your Honor, but the election was understood by everybody as the officers served by virtue of their office. And then the question is, was there a violation of an additional requirement in the ATU Constitution that's not part of the regulation or the statute that enables ex officio delegates? It's not the same merely because a lot of people assume something doesn't make it so. No, it was in the Constitution and bylaws that the office elected serves by virtue of the office as delegate. But there could not be the election of a delegate in this case. There was indeed. It's no different than if the election had been not by secret ballot. There would not have been a valid election, but the defect in the election would have been subject to Title IV. If I understand you correctly, you're saying that it was held for that purpose, even though it may have been flawed in its holding, it was still held for the purpose of that purpose. Exactly. Of electing an officer to the local union who would be ex officio a delegate to the mixed union. Right. By the DOL regulations, by the ATU Constitution, and by the bylaws. That was the choice. That was how the election was framed. Any number of defects could have prevented that election from being valid, but the Department of Labor's jurisdiction is to investigate. It would still be held for that purpose. It was an election of delegates ex officio. You're not real good at listening to the board, are you? It was held for that purpose. It was held for that purpose, and therefore it comes within the language that makes this an in the exception to the exception. Exactly. We agree. Okay. Even though it may have been held poorly for that purpose, there may have been other flaws that still would come within that. Exactly. All right. That's our position. What would the remedy be for the ballot error? Department of Labor has had many remedies for situations in that. Sometimes they will determine after they take jurisdiction and investigate that it had no effect on the outcome, but that has to do with whether they go to court to enforce it. Right. It doesn't divest them of jurisdiction to actually determine the validity or invalidity of the election. Okay. And in this case, more to the point, the issue that the Department of Labor would have jurisdiction over is whether the eligibility determination made on that position, which is the same whether they're a delegate or the local union president, whether Ms. Murray's eligibility determination was proper or improper. And the Department of Labor has jurisdiction over that. If they find that there was nothing wrong and they declined to enforce and they declined to give a remedy, that doesn't divest them of jurisdiction over the issue. And the point Judge Boasberg understood is that if the question, the very question posed, the legality of that eligibility determination is subject to the Department of Labor's jurisdiction and the Secretary ultimately decides that and has the power to decide that, then the court can't separately reach a different conclusion in two separate proceedings to determine that same dispositive legal question. And that is the one question here, which is the eligibility determination. The third sweeping unprecedented rule of law that the appellants are asking you to embrace is that whenever there's a factual dispute that has to do with the after-effect assessment of whether a particular eligibility ruling was fair, unreasonable, in good faith, in bad faith, that that means that the court may not decide it but has to grant judgment as a matter of law to the plaintiffs because the union never held a charge-in-trial proceeding. That puts the cart before the horse. As Judge Boasberg found, the only way you can determine whether there's any basis for going behind a straightforward eligibility determination is an after-the-fact judicial review. The standards are limited. I'm sorry. Just so I can understand this, and I realize this is a part of the case that's gone, but just so I understand it, you moved for summary judgment as well on the eligibility, correct, that an eligibility determination is not discipline? We did. Okay. And your theory there was that they're two distinct processes. Exactly. And then Judge Boasberg rejected that and concluded, no, if it's an unfair application or an unreasonable rule, then it may constitute discipline even though it's wrapped up in eligibility, correct? That was his original ruling, yes. And you're comfortable, well, and then that should be decided, unless there's overwhelming evidence one way or the other, that should be decided at trial, is what he said. Yes. We're not comfortable with the foundational. I understand that. But we are comfortable with the outcome in the sense that he said that if there's a question that has to do with the fairness of the rule, not about its original applicability or the facts that gave rise to the finding, and the appellants are absolutely clear on that, they are not claiming that there was a factual dispute as to whether the rule applied to them or whether they had violated the eligibility standard. It was not a, the only question they're raising is whether the ATU should have accepted an excuse, a particularized excuse. Well, in repayment, there was factual disputes about repayment. And the question Judge Edwards raised, it was not ATU that had anything to do with this alleged thwarting or the reason why they couldn't repay. They may have claimed in court that their local union prevented them from making the payment. But ATU was deciding an appeal, looking on the record, and it decided, it applied an eligibility standard that's fair, objective, and has to be applied uniformly across the thousands of delegate elections in ATU. Well, wait. If their view of the record is correct, they're saying they were entitled to a full and fair hearing under the statute. Right. And they're saying that we have presented enough under the case law to suggest that this was a disciplinary action and, therefore, we should get the full and fair hearing that the statute requires. None of the cases that they cite, and in particular their lead case, Williams, stands for the proposition that any factual dispute automatically turns it into discipline. To the contrary, all the cases they cite involve, none of them involve an election eligibility ruling. There is no case ever that has been No, I mean, but the problem is that could be bogus. That's their claim. Their claim is that that's just a facial excuse for what was happening to us. It was really punitive action that was being taken by people of ill will. That's their claim. And so under the statute, we're entitled. You can't do this without a full and fair hearing. Your Honor, the election eligibility determination was not made at the local level. It was made on appeal by the ATU, which was applying a rule it had previously said absolutely applied to these plaintiffs and only heard the case after an election protest came to them. There was no initiation of any punitive action. It was after they sued that they claimed that somebody in their local union had prevented them from making repayment, not to punish them, but just that that was a reason, a particularized excuse that ATU should have. Well, that's obviously a claim of punishment. It's not a claim of punishment. So if you're saying I had to pay and they wouldn't let me pay, you're claiming that's not good will. No, Your Honor, the same eligibility rule applies to voter eligibility in every election and candidate eligibility. What they're saying is that if you make a ruling that says you're not eligible to vote, your ballot is challenged, you're not allowed to vote, that that's punishment because there might be a factual dispute. There is no case law that has ever held that a union hearing an election protest, resolving a challenged ballot, must bring the person up on an adversary charge and trial process if there's a dispute. To the contrary, they're all investigated administratively. Even the Secretary of Labor, when they subsequently look at the same question, investigated administratively and make their own determination whether they think the rule was fairly applied. Again, there's no question that this was not the context of anybody being singled out. There were three candidates in an election. What does 41185 mean then? When does it come into play? When a union undertakes particularized, singles out somebody for a disciplinary action for a violation of a rule that doesn't have anything to do with them voting in an election or running for office. This was a standard. The context of this was a regular election. Post-election protest was filed. It was investigated on appeal. It went to the ATU. The ATU applied the rule that applies to every eligibility question of that nature. They applied it in a no-fault, no-excuses manner. You admitted you owed the money. It was not paid before the election. Therefore, you're not eligible. It doesn't mean you're punished in any way. When you pay up, you can run in the next election. That's your picture. They're saying the picture is full of them. Wait, let me finish. They're saying, no, that's not what happened. What happened was we were trying to pay, and they wouldn't allow us to pay. That is punitive in our view, and you can't do this without a full and fair hearing. Wait, let me finish. I'm trying to understand the case law does say you look to see what's going on, and if you read what Judge Boasberg is saying, it seems to suggest that there was a serious question about unfairness here. Why doesn't the statute come into play is what I'm trying to understand. What Judge Boasberg said is there's a serious question of unfairness or bad faith or outrageousness, and it's in the court's review to determine whether or not it was disciplinary or simply a standard election ruling. Then that is a jury question. It's not a question that then means that you're entitled to judgment as a member of law. In your view, you can only get a 411A5 relief after a jury trial? No. Well, how do you get it? How do you get it? Does the person have to admit that, yes, I was nasty and I took action against the person, I suspended or fined them, expelled them for disciplinary? They have to admit that before you get a 411A5? There can't be situations where the party charge is unwilling to admit it, but facially it appears there's a good possibility that that's what happened. Your Honor, within the union there is a charge and trial process in almost every 101A5 case. Wait, I'm trying to figure out what your view of is 411A5, where the charged party is not willing to admit. Okay. In a case where a charge is brought under the union's internal disciplinary proceedings, the rights of due process apply from the get-go. This is a situation where the union was not using a disciplinary process but was deciding an election appeal. That's the question. But that is the question. And it's a question for the court. Hold on a second. You're saying voter eligibility, candidate eligibility in connection with elections are not necessarily disciplinary. You would say are not disciplinary. I would say they're presumptively not disciplinary. Correct. And Judge Boasberg said that may be true, it may not be true, but that depends on the facts of the particular case to first determine whether it's disciplined. Right. If it's disciplined, then the due process kicks in. If it's not disciplined, then the statute doesn't kick in. But first we have to determine whether it's disciplined, and to determine that is a factual question. If there's a factual, true to factual dispute raised in court, as there was before Judge Boasberg, a classic true question. But this statute still has lots of effect outside the context of voter eligibility or candidate eligibility. You acknowledge that. Oh, it is designed for everything else but voter eligibility and candidate eligibility. Because, and the reason here, there's a question in really whether it's disciplined. Right. Those are outlier cases, and the very cases that they rely on actually say that the presence or absence of a factual dispute is not dispositive. We have to look at, as a court reviewing with our limited judicial review, whether this was reasonable in bad faith or otherwise outrageous and arbitrary. That we've cited in our brief is the very case law that Judge Boasberg recognized. We're not citing something new. He cited Manzillo. He cited the bad faith standard. He applied all of that, and it was fully briefed to him at every stage. So when we elaborated on that and explained what the context is for the determination of fairness, reasonableness, bad faith, there is an established body of law that Judge Boasberg was following. And when he came up with a factual dispute, he properly then, in his view, referred it to the jury, and there's no basis for overturning that. Thank you. Okay, thank you. Thank you, Your Honors. I'll be brief. First, with respect to the Chao case that Ms. Krieger mentioned, that case we believe, Your Honors, actually supports us on that delegate phrase issue, that discrete issue, because that case actually talks about Title IV. You know, when they're assuming that that was the relevant issue, that case talks about delegates having the power to nominate and vote for officers of that international. And in this case, they determined, the ATU did, that the persons elected within Local 1300 did not have that power to nominate and vote by refusing to seat them as delegates at the election. I just wanted to make that simple point. In terms of the case law, one case, and some of the cases admittedly old, the 1974 case from, I believe, the Eastern District of Pennsylvania, the Caravan case, is a case where the plaintiff, in fact, received summary judgment because he had not been afforded the procedures in 411A5. So I wanted to mention that. And it's really, that case is one that's directly on point as to why we say that Plaintiff Murray, and I would respectfully submit Plaintiff Queen as well, were entitled to summary judgment as plaintiffs. And another thing that I think it's important to recognize is that Judge Bostrom Summary judgment gets you what? You're seeking what? I mean, it's an odd, the application statute is really odd. You're trying to get summary judgment to get due process? No, summary judgment to get to a trial of damages. To just get to the damages related. Let me back up a little bit. Where does 411A5 come into play? Well, it comes into play once you determine that whatever the measure being considered, be it deeming someone ineligible, whatever it might be, Your Honor, and there's a factual question as to whether the rule applies, then 411A5 comes into play. As the Beard article suggests. Comes into play with what relief? That is, now we're going to give you a fair hearing, or what? Yes. Yes, you're entitled to a hearing if there's a question about that. That's what the caravan case said. So this is the odd posture now. So your claim is there is a dispute here as to whether or not this was punitive. You want to say it's punitive, but that's ridiculous. This is a dispute as to whether it's punitive. That's what Judge Boseberg said. So there's a dispute over whether what the union did here was punitive. Okay. And thus disciplinary. The other side is, no, it's not. Now you have 411A5. What are you saying? The district court's saying it has to be tried first, and then I guess 411A5 applies. You're saying what about 411A5? What I'm saying about 411A5 is that whenever there is a situation where you have a rule, where non-eligibility is being considered based on a particular rule, here, good standing status, if the person is disputing that and is not just obviously lying, raising legitimate issues, then 411A5 kicks in. Union, you've got to give that person a hearing internally. Exactly. Is that the remedy? The remedy is the hearing. And, yes, at that point— That's what I'm asking you. I'm sorry, Your Honor. I'm saying, are you saying that what I was trying to seek was a hearing that we're entitled to under 411A5, and I don't want to go to trial on this. I want my hearing under 411A5 because it's disputed. No, what we're saying is— And that's what I'm not understanding. Here's what we're saying, Your Honor, is they should have, before the ATU should have, before deeming my clients just without a hearing internally, ineligible for office, they should have said— Just come back to what the question was. You're being asked about the relief that you're seeking. You're going back and telling us what your cause of action is. Okay. Well, the relief, ultimately, we're seeking now— Whoa. I'm sorry. No, no. How about telling us what the relief is that you now say you should have been entitled to go far below? We should have been entitled to the relief that the statute provides for people who have not gotten— Don't tell me where it comes from. Tell me what the relief is. Oh, compensatory damages, pain and suffering, economic damages, reputational damages, all of which are provided— Even though all you're saying is there is a dispute as to whether what was done was disciplinary. If I can show there's a dispute as to whether what was done was disciplinary, your argument is I'm entitled to damages. Yes, and— Can you tell me which case says that? Caribbean says that. There are certainly cases that support your view that this may be disciplinary when you have a reasonable claim that it's punitive. Right. Where is a case that says we're not going to figure out whether it really was punitive? All you have to be able to show is that there is a question, and therefore, if there was, you get damages. Caravan, the case cited in the briefs, the Howard case cited in the briefs, and also the Law Review article, the Beard article— No, that doesn't—I'm looking at that, and I see what it says, but it doesn't even say it the way you're— It says the only question remaining is whether the basis of the dispute is factual in nature. If it is, a full evidentiary hearing with the protections granted in 105A5 is required. That's what I'm saying, Your Honor. Well, then that's the relief. Well, no, they should have provided us with the hearing at the time it came up so that the union could have decided it. I'll have to look at the cases. I hear what you are now saying, which seems strange to me. I did not see any cases that say if you can reasonably contest what happened, that is, like Judge Bolsberg did. If you reasonably can contest it, you're entitled to damages. That's the relief. Well, just to be clear, Your Honor, if I may, I'm saying if you reasonably contest it and the union doesn't give you a hearing— Right. —then they've breached their obligation under statute, then you're entitled to damages. That's what I'm saying. All right. Thank you very much. All right. Thanks to both counsel. The case is submitted.
judges: Kavanaugh, Edwards, Sentelle